## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAUREN CHICKILLY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **3:14-CV-02173** |
| | : | **(JUDGE MARIANI)** |
| **PANTHER VALLEY SCHOOL DISTRICT,** | : | |
| | : | |
| **Defendant.** | : | |

### MEMORANDUM OPINION

### I. INTRODUCTION

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 6). On November 11, 2014, Plaintiff, Lauren Chickilly, filed a Complaint in the above-captioned matter (Doc. 1), naming as a defendant the Panther Valley School District.  Plaintiff's Complaint sets forth two counts: Count I, alleging Defendant violated of the Equal Pay Act, 29 U.S.C. § 206(d)(1), and Count II, alleging Equal Pay Act retaliation under 29 U.S.C. § 215(a).  (Doc. 1 at ¶¶ 27-34).  Defendant filed a Motion to Dismiss the Complaint (Doc. 6). The parties have briefed the Motion, and it is now ripe for decision.  For the reasons set forth below, the Court will grant Defendant's Motion to the extent that Plaintiff seeks recovery in Count I for Defendant's alleged acts prior to November 11, 2011.  The Court will grant Plaintiff leave to amend her Complaint, should she wish to do so.

## II. FACTUAL ALLEGATIONS

Plaintiff's Complaint (Doc. 1) alleges the following facts relevant to Defendant's Motion:

Panther Valley School District hired Plaintiff as a full-time District Grounds Maintenance Person on May 11, 2006 and effective May 15, 2006. (Doc. 1, ¶ 6). She was informed via a letter from former Superintendent J. Christopher West, dated May 12, 2006, that she was appointed "as a Full-Time District Grounds Maintenance Person" at a salary of $9.50 per hour effective Monday, May 15, 2006. (*Id.* at ¶ 7). The letter does not indicate that Plaintiff was hired as a "Full-Time District Custodian." (*Id.*).

"The position of Full-Time District Maintenance Person was a new maintenance position created by the School Directors at that time." (*Id.* at ¶ 8). Without prerequisite special abilities, custodians were unable to bid on the new maintenance position at that time. (*Id.*). At the time of the implementation of the new "Full-Time District Maintenance" position and in 2006, Defendant employed only two other full-time maintenance persons, both of whom were males. (*Id.* at ¶ 9). At the time of her hiring, Plaintiff was the first and only female maintenance person. (Doc. 1, ¶ 10).

In 2006 and at the time of Plaintiff's hiring, the two male maintenance works were receiving the hourly compensation rate of a full-time maintenance person as outlined in the Collective Bargaining Agreement. (*Id.* at ¶ 11). Plaintiff received a lower salary, equal to that of a full-time custodian hired after 2005. (*Id.*). "Upon Plaintiff's hiring in 2006, Plaintiff

2

had no knowledge she was being paid the lower and incorrect rate of pay." (*Id.* at ¶ 12).

Plaintiff further alleges that Defendant "did nothing to alert Plaintiff of the lower pay rate."

(*Id.*). On July 10, 2014, Plaintiff learned that since the time of her hire she had been paid at

the wrong and lower classification rate – that is, a rate equal to that of a custodian rather

than a maintenance person under the then current Collective Bargaining Agreement. (*Id.* at

¶ 17).

Plaintiff alleges that despite being similarly situated to male maintenance persons

and performing the same job with equal skill, effort, and responsibility, and under similar

working conditions, she was compensated less that her male co-workers. (Doc. 1, ¶ 28).

### III. STANDARD OF REVIEW

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(6), if it does not allege

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must aver "factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic

recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop.*

*Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words,

"[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013)

(internal citations and quotation marks omitted). A court "take[s] as true all the factual

allegations in the Complaint and the reasonable inferences that can be drawn from those

facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v.*

*Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation

marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to
> determine the sufficiency of a complaint: First, the court must take note of the
> elements a plaintiff must plead to state a claim. Second, the court should
> identify allegations that, because they are no more than conclusions, are not
> entitled to the assumption of truth. Finally, where there are well-pleaded
> factual allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged - but it has not show[n] - that the

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks

omitted). This "plausibility" determination will be a "context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court

must permit a curative amendment unless such an amendment would be inequitable or

futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant
> moves to dismiss it, unless the district court finds that amendment would be

4

inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## IV. ANALYSIS

The Court understands Defendant to be asserting that Count I of the Complaint should be dismissed to the extent that Plaintiff seeks recovery based on paychecks received before November 11, 2011.[1] (Defendant's Motion to Dismiss, Doc. 6, at ¶ 5). Defendant asserts that such paychecks fall outside the maximal three-year statute of limitations for claims arising under the Equal Pay Act.[2] (*Id.* at ¶4). The statute of limitations begins to run when a plaintiff's cause of action accrues, to wit, "as soon as a potential claimant either is aware, or should be aware, of the existence of and source of an injury." *Oschiver v. Levin, Fishbine, Sedran & Berman*, 38 F.3d 1380, 1385–86 (3d Cir. 1994). While "a statute of limitations defense cannot be used in the context of a Rule 12(b)(6)

---

[1] With respect to Count II of the Plaintiff's Complaint, which alleges that she was furloughed in retaliation for her assertion of her claims of unequal pay through the contractually-established grievance procedure, the Court is of the view that the Defendant's Motion to Dismiss (Doc. 6) is not directed at and does not seek to dismiss this Count. To the extent, however, that Defendant has sought the dismissal of Count II for the reasons set forth in its Brief in Support of its Motion (Doc. 8), the Motion as to Count II is denied. On its face, Count II presents allegations of retaliation that are alleged to have occurred in 2014, well within the applicable statute of limitations.

[2] In the case at bar, Defendant has taken the position that *part* of Plaintiff's claim in Count I of her Complaint falls within the applicable statute of limitations. (*See* Doc. 8 at 6 ("[A]pplying the three-year statute of limitation period for the purposes of this motion, the Plaintiff should not be able to recover any alleged damages related to allegedly unequal wages prior to November 11, 2011."). As Defendant correctly points out, (Doc. 6 at ¶ 4), the Equal Pay Act "has a split statute of limitations, normally two years, but extended to three years in the case of a 'willful violation.'" *Chinoy v. Pennsylvania State Univ.*, No. 11-CV-01263, 2012 WL 727965, at *7 (M.D. Pa. Mar. 6, 2012) (citing 29 U.S.C. § 255(a)).

5

motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Oshiver*, 38 F.3d at 1384 n.1. Defendant argues that a straightforward application of the maximal three-year statute of limitations dictates that Plaintiff should not be able to recover damages for any allegedly unequal wages prior to November 11, 2011. Defendant further argues that Plaintiff has not adequately alleged facts that would allow her to circumvent this application of the statute of limitations via the doctrine of equitable tolling. (Defendant's Brief in Support, Doc. 8 at 5-7). The Third Circuit has "articulated three federal equitable tolling principles: '(1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.'" *Kach v. Hose*, 589 F.3d 626, 643 (3d Cir. 2009) (quoting *Lake v. Arnold*, 232 F.3d 360, 370 n.9 (3rd Cir. 2000).

In response to Defendant's Motion, Plaintiff contends, relatedly, that (1) a motion to dismiss is an improper vehicle for raising the statute of limitations defense, given that, at this stage, the facts alleged in her Complaint must be viewed in a light most favorable to her, the non-moving party, (Plaintiff's Brief in Opposition, Doc. 9 at 4); and that (2) "the facts as pleaded satisfy the doctrine of Equitable Tolling," because they fall into the doctrine's 'actively misled' application, (*id.* at 5-6). The Court disagrees. At this juncture, the Court is unable to apply the equitable tolling doctrine to Plaintiff's Equal Pay Act claims in Count I of

6

her Complaint "because nowhere in the complaint does [Plaintiff] allege that the [Defendant] misled her, actively or otherwise, with respect to this claim." *Oshiver*, 38 F.3d at 1391 n.10. The closest Plaintiff comes to making such allegations in her Complaint (Doc. 1) is ¶ 12, which reads as follows: "[u]pon Plaintiff's hiring in 2006, Plaintiff had no knowledge she was being paid the lower and incorrect rate of pay.  Further, Defendant[] did nothing to alert Plaintiff of the lower pay rate."  Thus, at most, Plaintiff alleges that in its interactions with her, Defendant omitted the fact that her male counterparts were paid more than she was. *See id.* ("Thus, at most, Oshiver alleges that the firm concealed from her the fact that an associate opening arose.").  "To be activated, equitable tolling requires active misleading on the part of the defendant," and Plaintiff's allegation of omission on the part of the Defendant is "qualitatively different from taking affirmative steps to mislead." *Id.*  It is only in her Opposition Brief that Plaintiff refers to the Defendant's actions in this case as "sleight of hands" [*sic*], a "ruse," and "trickery" that "indicate that Plaintiff was affirmatively misled by her employer," (Doc. 9 at 5), allegations which begin to trend towards actively misleading conduct.  However, "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (internal alteration omitted).

For these reasons, the Court will grant Defendant's Motion by limiting Plaintiff's claims as set forth in ¶ 36 of the Complaint (Doc. 1) to the three-year period from the date of suit to the date that is three years prior, *i.e.*, November 11, 2011.  However, the Court will

7

also grant Plaintiff leave to amend her Complaint to allege facts which would show that she was actively misled, intentionally deceived, or lulled into failing to discover her cause of action, which, if proven, would permit Plaintiff to make a claim for damages beyond the three-year period prescribed by the applicable statute of limitations, as calculated above. Thus, the Court's Order setting the three-year period from November 11, 2011 to November 11, 2014 as the period in which Plaintiff may seek damages is subject to revision should Plaintiff adequately plead, and thereafter prove, both a basis for the equitable tolling of the applicable Statute of Limitations as well as a claim for damages within that period. The Court reminds Plaintiff that "equitable tolling is not an excuse for ignorance." *Schengrund v. Pennsylvania State Univ.*, 705 F. Supp. 2d 425, 436 (M.D. Pa. Sept. 30, 2009). The equitable tolling standard is difficult to meet. In order for the doctrine to apply here, Plaintiff will be required to make sufficient allegation of facts upon which equitable tolling could be found and will thereafter be required to provide sufficient proof. The Court notes that what has been asserted thus far, even including the assertions made in Plaintiff's Opposition Brief, falls short of compliance with the equitable tolling standard. The Court cautions Plaintiff that meeting the standard will require her to show that "she could not, by the exercise of reasonable diligence, have discovered the essential information bearing on [ ] her claim." *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 384 (3rd Cir. 2007) (quoting *In re Mushroom Transp. Co.*, 382 F.3d 325, 339 (3d Cir. 2004)).

## V.  CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss (Doc. 6) will be granted to the extent detailed above; to wit, with respect to Count I, the Court will limit Plaintiff's claims as set forth in ¶ 36 of the Complaint (Doc. 1) to the three-year period from the date of suit to the date that is three years prior, *i.e.*, November 11, 2011.  Because the Court also grants Plaintiff leave to amend her Complaint, this limitation is subject to revision should Plaintiff adequately plead, and thereafter prove, both a basis for the equitable tolling of the applicable Statute of Limitations as well as a claim for damages within that period.

A separate Order follows.

Robert D. Mariani
United States District Judge

9