THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAUREN CHICKILLY, | : |
| Plaintiff, | : |
| v. | : 3:14-CV-2173 |
| | : (JUDGE MARIANI) |
| PANTHER VALLEY SCHOOL DISTRICT, | : |
| Defendants. | : |

### ORDER

AND NOW, THIS 30TH DAY OF NOVEMBER, 2016, upon *de novo* review of Magistrate Judge Carlson's Report & Recommendation, (Doc. 32), Plaintiff's Objections thereto, (Doc. 33), and Defendant's Response, (Doc. 34), **IT IS HEREBY ORDERED THAT**:

1. The Report & Recommendation ("R&R"), (Doc. 32), is **ADOPTED** for the reasons discussed therein.

2. Plaintiff's Objections, (Doc. 33), are **OVERRULED**. Plaintiff raises eight objections to the R&R:

   a. In objections 1, 4, and 7 Plaintiff challenges the Magistrate's conclusion that Plaintiff's comparators performed substantially different work than Plaintiff.[1] As the R&R pointed out, the "issue is whether the jobs to be compared have a 'common core' of tasks, i.e., whether a significant portion of the two jobs is

---

[1] In addition, Plaintiff again presents arguments that her job title was "District Grounds Maintenance Person" and her comparators were full time maintenance employees. Plaintiff, however, fails to point out any why the law cited in the R&R that job titles and descriptions are not determinative is not applicable. Thus, her objections on this basis are overruled.

identical. The inquiry then turns to whether the differing or additional tasks make the work substantially different." *Brobst v. Columbus Services Intern.*, 761 F.2d 148, 156 (3d Cir. 1985). The R&R more than adequately illustrated the differences between Plaintiff's job and the comparators' jobs. (Doc. 32 at 17-19). Further, Plaintiff admitted in her deposition that the job responsibilities and duties of her comparators were different than her own job responsibilities and duties. (Doc. 18-2 at 53). Plaintiff's attempt to broadly categorize both her job and her comparators' jobs as "maintenance jobs" is unpersuasive when Plaintiff has not shown how a significant portion of her actual job duties are identical to her comparators' job duties.

b. In objections 2, 3,[2] 5, 6, and 8 Plaintiff, in one way or another, challenges the Magistrate's conclusion that there was no evidence to support Plaintiff's retaliation claim. Plaintiff's objections, however, have failed to point to any evidence that disputes the fact that Plaintiff was aware, at the time she filed the grievance, that the decision to furlough her had already been made.[3] (Doc. 18-3 at 91). The School District classified Plaintiff as a custodian, (Doc. 18-10),

---

[2] In Objection 3, Plaintiff attempts to overcome the fact that a witness testified that "there was a stipulation and agreement . . . that the Grounds Maintenance positon would become a full-time custodian position," by arguing that, except for the witness's statement, there is no evidence to support this and the witness's credibility is questionable. (Doc. 33 at 11). This objection is meritless because "an opponent may not prevail merely by discrediting the credibility of the movant's evidence; it must produce some affirmative evidence." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

[3] Plaintiff does, however, attempt to re-characterize Plaintiff's deposition testimony by arguing, without citation to the record, that Plaintiff did not believe she would be furloughed, (Doc. 33 at 10), and that she had only heard rumors that she would be furloughed, (Id. at 13).

2

and made the decision to subcontract custodial services on June 12, 2014, (Doc. 18-13). Plaintiff filed her grievance on July 14, 2014. (Doc. 18-12). As the decision to furlough Plaintiff occurred before Plaintiff engaged in a protected activity, Plaintiff has not, without more, established a *prima facie* case for retaliation. The fact that the Plaintiff did not receive her furlough letter until after the filing of the grievance is irrelevant.

3. Defendant's Motion for Summary Judgment, (Doc. 18), is **GRANTED**.
4. The Clerk of Court is directed to **CLOSE** this case.

Robert D. Mariani
United States District Judge